UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN HERNANDEZ,

    Petitioner,

vs.

B. CURRY, Warden,

    Respondent.
                                 /

No. C 08-1979 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DISMISSAL WITH LEAVE TO AMEND**

This is a habeas case filed pro se by a state prisoner. Respondent has moved to dismiss, claiming that the petition is mixed. Petitioner has opposed the motion, respondent has replied, and petitioner has responded to the reply. For the reasons set out below, the motion will be granted.

**DISCUSSION**

The petition is directed to a denial of parole. Petitioner's grounds for relief are that: (1) the use of a "some evidence" standard by the Board and by the reviewing courts violated due process; (2) the Board's denial of parole was arbitrary and capricious because the decision consisted of rote conclusions; (3) the denial was arbitrary and capricious because the outcome was predetermined; (4) his due process rights were violated because the decision was controlled by political considerations; and (5) his ex post facto rights were violated by application of criteria for release that were implemented subsequent to his conviction. Respondent contends that only the first issue is exhausted, making this a mixed petition.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has

first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available[1] with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his or her habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

"A petitioner fully and fairly presents a claim to the state courts if he presents the claim (1) to the correct forum, *see* § 2254(c); (2) through the proper vehicle, *see Castille v. Peoples*, 489 U.S. 346, 351 (1989); and (3) by providing the factual and legal basis for the claim, *see Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief." *See Picard v. Connor*, 404 U.S. 270, 278 (1971)." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009).

If a petitioner has presented some but not all of his or her federal claims to the highest state court available, the petition is "mixed." In *Rose v. Lundy*, 455 U.S. 509 (1982), the United States Supreme Court said that the federal court must dismiss a mixed petition without reaching the merits of any of the claims, s*ee Rose*, 455 U.S. at 522; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988), but the rule is not as absolute as might first appear. *Rose* itself provides that the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the court can then consider those which remain. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). And there are two other exceptions: One is that when the petition fails to raise even a colorable federal claim, it

---

[1] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *Id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *Id.* at 1006 n.3.

2

may be denied even if it is partly or entirely unexhausted, 28 U.S.C. § 2254(b)(2), and the other is that rather than dismiss, the court may stay a mixed petition to allow the petitioner to return to state court to exhaust the unexhausted issue or issues, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Respondent contends that petitioner exhausted only his first issue, because that is the only issue that he listed on page three of his California Supreme Court habeas petition, where the form petition asks for the petitioner's "Grounds for Relief." Mot. to Dismiss, Ex. 1 at 3. The next page of the petition, where the form asks for ground two or other additional grounds, is blank. There are three additional typed pages, labeled as being part of "Ground 1," that argue against use of the "some evidence" standard. At the end of this argument, in a "Conclusion" section, petitioner says: "Petitioner respectfully requests the High Court of California[] Grant Review in this Habeas Corpus matter, and review[] the Superior Court, Court of Appeal[], and the arguments present here in question form, as to the constitutionality of the ubiquitous use of the 'some evidence' standard of evidence . . . ." *Id.* at 3(c). Attached to the California Supreme Court petition is a copy of a petition in the California Court of Appeal filed by petitioner. The body of the form court of appeal petition appears to be the same as that of the supreme court petition, i.e., it raises only one issue. Attached to the court of appeal petition is part of what appears to be his petition in superior court, a petition which arguably includes in the body of the petition the other issues here, those that respondent contends are unexhausted.

In short, the issue here boils down to whether it was fair presentation of issues two through five when petitioner raised them only in an attachment to an attachment to his California Supreme Court petition.

Ordinarily a state prisoner does not fairly present a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material that does so. *Baldwin v. Reese*, 541

///

///

3

U.S. 27, 30-34 (2004);[2] *see id.* (where state petitioner did not claim specifically in brief presented to state supreme court that appellate counsel's performance violated federal law, claim was not fairly presented even though that court had the opportunity to read lower court opinions which could have shown the claim was cast in federal terms); *see, e.g., Galvan v. Alaska Dep't of Corr.*, 397 F.3d 1198, 1201-02 (9th Cir. 2005) (inclusion of federal claim in brief to intermediate appellate court followed by omission of that claim in brief to state's highest court supports inference that petitioner chose not to exhaust the federal claim in state's highest court for strategic reason); *Castillo v. McFadden*, 399 F.3d 993, 998 n.2 (9th Cir. 2005) (characterizing *Baldwin* as requiring that petitioner present his federal constitutional issue within the "four corners of his appellate briefing"). *But cf. Davis v. Silva*, 511 F.3d 1005, 1011 (9th Cir. 2008) (finding exhaustion where state court only needed to cite check the case, statute and regulation provided in petition and read these sources in conjunction with petition, and then the legal and operative theory of claim would be clear).

      Here the best that could be claimed for petitioner is that he attempted to incorporate his earlier petitions by reference when he mentioned them in the conclusion of his supreme court petition. Even assuming it to be true that the conclusion was an attempt to incorporate by reference, it was not enough. The general rule from *Baldwin* that a state prisoner does not fairly present a claim to a state court if that court must read beyond the petition or a brief is the rule in California. *See Gatlin v. Madding*, 189 F.3d 882, 888-89 (9th Cir. 1999) (rejecting claim that habeas issue was exhausted by incorporating it by

---

[2] *Baldwin* reversed *Reese v. Baldwin*, 282 F.3d 1184 (9th Cir. 2002), in which the Ninth Circuit found that the Oregon Supreme Court was alerted to the specifically federal nature of petitioner's claim of ineffective assistance of appellate counsel despite the fact that petitioner presented the claim explicitly only at the state trial court level. The Ninth Circuit reasoned that under the circumstances of the case--the state trial court decided the claim on the basis of federal law, Oregon's procedural rules put the reviewing courts on notice that the trial court's decision was required to state clearly its ground for decision, any review of the trial court's decision would have disclosed its federal law basis, and the Oregon Court of Appeals issued only a summary affirmance of the trial court's decision--"it must be presumed that, before deciding to deny discretionary review, the Oregon Supreme Court reviewed the [trial] court decision that should have alerted the court to the federal nature of [petitioner's] claim." *Id.* at 1194.

reference; California rule of court requires that all claims be raised in the petition or brief and prohibits incorporation by reference of arguments from other documents).

Petitioner's inclusion of his issues two through five in an attachment and his vague reference to the earlier petitions in the conclusion of his supreme court petition were not sufficient to exhaust them. *See Farmer v. Baldwin*, 563 F.3d 1042, 1044 (9th Cir. 2009) (federal claim is "fairly presented" to state supreme court if raised by method permitted by state appellate rules). The motion to dismiss will be granted.

## CONCLUSION

1. Respondent's motion to dismiss (document number 4 on the docket) is **GRANTED**.

2. Petitioner may chose from three possible courses of action: (1) he may dismiss this petition with an eye to exhausting and then filing another federal petition;[3] (2) he may amend the petition to dismiss the unexhausted issues, and proceed with the exhausted issue;[4] or (3) he may ask for a stay of this case while he returns to state court to attempt to exhaust the second through fifth issues, then, if unsuccessful in state court, return here and ask that the stay be lifted. If he chooses the third option, asking for a stay, he must show "good cause" for his failure to exhaust sooner, that the issue is "potentially meritorious," and that he has not engaged in "dilatory litigation tactics." *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

3. Petitioner must elect one of the three choices set out in section three within thirty days of the date this order is entered. If he does not, this case will be dismissed.

**IT IS SO ORDERED.**

Dated: August 25, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\HERNANDEZ,B1979.DSM.wpd

---

[3] This option is more apparent than real, because any subsequent federal petition would almost certainly be barred by the statute of limitations.

[4] If he chooses this option, he probably will not be able to file a future federal petition containing the plea bargain issue, because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).

5