UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN HERNANDEZ,

         Petitioner,　　　　　　　　　　No. C 08-1979 PJH (PR)

  vs.　　　　　　　　　　　　　　　　**ORDER SUMMARILY DENYING PETITION**

B. CURRY, Warden,

         Respondent.
                                      /

        This is a habeas case filed pro se by a state prisoner. Respondent's motion to dismiss as mixed was granted. Petitioner was informed of his options and elected to proceed with the only exhausted issue, his claim that the use of a "some evidence" standard by the Board of Parole Hearings and by the reviewing courts violated due process.

        In an order entered after petitioner elected to proceed only with the "some evidence" claim, the court dismissed as clearly without merit that part of it that related to use of the "some evidence" standard by the appellate courts. *See Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006) (adopting "some evidence" standard for appellate review of due process claims arising from parole eligibility hearings). It also ordered petitioner to show cause why his claim that the Board itself used that standard as a standard of decision should not be summarily denied for lack of any evidence that the Board in fact used it in petitioner's case. Petitioner has answered the order to show cause.

        In his response, petitioner does not point to anything in the record that would show, or even tend to show, that the Board used the "some evidence" standard to deny him parole; instead, he draws that conclusion from other sources. For instance, one of his

arguments is that in *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010), "it was proved there is no question the BPH State Courts of California use the "Some Evidence"[] test principle to decide[] whether to grant of deny the Petition for Writ of Habeas Corpus . . . ." He is correct that *Hayward* recognized that California state courts apply the "some evidence" standard in deciding whether a parole denial is sufficiently supported by the evidence. *See, e.g., id.* at 562-563. However, the supporting citations in *Hayward* to *In re Lawrence*, 44 Cal. 4th 1181 1181, clarify that the "some evidence" standard is one of appellate review. *See id.* at 1206 ("'some evidence' *standard of review*") (emphasis added). There is nothing in *Hayward* establishing that the BPH uses it as a standard of decision.

Petitioner's only other coherent argument is that the Board, knowing its decision will be reviewed only for some evidence, would not waste its time and energy establishing a more substantial factual basis than that. This is nothing but speculation and assumes without proof that the Board's only interest is to deny parole. It is insufficient to establish that the denial in petitioner's case was reached applying a "some evidence" standard of decision.

Because petitioner has failed to show any factual basis for his contention that the Board denied him parole using a "some evidence" standard of decision, the claim, which is the only remaining one in this case, is summarily **DENIED**. The petition is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  June 16, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.08\HERNANDEZ,B1979.RUL.wpd

2